IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHARLES T. BEAVERS § | |
| § | |
| v. § | Civil No. 4:14-CV-828-O |
| § | |
| FAYE BROWN § | |

## ORDER

Defendant filed a Notice of Removal from the Justice Court in Precinct Eight of Tarrant County, Texas. *See generally* Notice Removal, ECF No. 1. For the reasons that follow, the Court **REMANDS** this case to the Justice Court in Precinct Eight of Tarrant County, Texas.

I.     BACKGROUND

Plaintiff sued Defendant to evict her from her apartment for unpaid rent. The form Complaint alleges that Defendant should be evicted because she owes $928.33 in delinquent rent. Notice of Removal (Compl.) 7, ECF No. 1. Defendant contends this lawsuit presents a federal question because the pleading "intentionally fails to allege compliance with the Civil Rights Act of 1968." *Id.* at 2. She argues federal jurisdiction exists because Plaintiff's lawsuit depends on the resolution of a substantial federal issue. *Id.* at 2-3.

II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A federal court has original subject-matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, as well as over cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists

between the parties. 28 U.S.C. §§ 1331, 1332. Here, Defendant contends this case arises under federal law.

Federal-question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *See Aetna Health Inc. v. Davila,* 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This occurs when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *See Singh v. Duane Morris LLP,* 538 F.3d 334, 337-38 (5th Cir. 2008). That a defendant may have federal defenses or counterclaims will not provide a sufficient basis for federal jurisdiction. *See Fed. Home Loan Mortg. Corp. v. Tanner,* No. 3: 12-CV-3898-N, 2012 WL 6764529 (N.D. Tex. Dec. 5, 2012).

The mere presence of a federal issue in a state cause of action, however, does not automatically confer federal-question jurisdiction. *Id.* at 338. Instead, federal-question jurisdiction exists in only a small category of cases that arise under state law. *See Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). When evaluating a case to determine if it falls within this small category of cases, courts determine whether (1) resolving a federal issue is necessary to resolve the plaintiff's state law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities. *See Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013).

The defendant carries the burden of establishing that removal is proper. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Courts are required to strictly construe the removal statute because it implicates important federalism concerns. *See Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). Any doubt as to the propriety of removal should be resolved

in favor of remand. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007).

## III.   ANALYSIS

The information Defendant provides in support of her argument that the Civil Rights Act is an issue in this lawsuit does not suffice to establish federal jurisdiction. The sole issue in dispute according to the Complaint is whether Plaintiff is delinquent in her rental payments: either she is or she is not. To the extent she raises violations as a defense to the claim, this does not confer federal jurisdiction. *See Fed. Home Loan Mortg. Corp.,* 2012 WL 6764529 *2. Further, nothing in the record would permit the Court to conclude that this case is one of those rare cases where a prototypical state claim nevertheless raises a federal question according to the factors set out by the Supreme Court. *See Gunn*, 133 S. Ct. at 1065. Rather, Plaintiff's Complaint presents nothing more than a garden variety landlord-tenant dispute and Defendant has failed to show federal jurisdiction exists over this case. *See Blackland Cmty. Dev. Corp. v. Jackson*, No. A-14-CV-888 SS, 2014 WL 4851750 (W.D. Tex. 2014).

## IV.   CONCLUSION

Based on the foregoing, the Court finds that it lacks jurisdiction over this case, and this case is **REMANDED** to the Justice Court, Precinct Eight, Tarrant County, Texas.

**SO ORDERED** this **10th day** of **October, 2014.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

3